IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOURGOS DIAMANTOPOULOS, | CASE NO. 4:10CV3079 |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| CHARLES VENDITTE, WILLIAM AGNEW, and STATE OF NEBRASKA, | |
| Respondents. | |

This matter is before the court on the Petitioner Yourgos Diamantopoulos's Petition for Writ of Habeas Corpus ("Petition").¹ (Filing No. 1.) Also pending are seven motions filed by Petitioner.

## I. BACKGROUND

Petitioner is serving a life sentence for first-degree murder, and is in the custody of the Nebraska Department of Correctional Services. (Case No. 4:07CV3191, Filing No. 1; *See* Docket Sheet.) This matter is Petitioner's seventh petition for writ of habeas corpus filed in this court relating to this conviction and sentence. *See Diamantopolous v. Nebraska*, 4:07cv3191 (Strom, J.) (dismissing Petitioner's sixth § 2254 petition on December 7, 2007, as a successive petition pursuant to 28 U.S.C. 2244(b)(3)(A)); *Diamantopolous v. Clarke*, 4:01cv3287 (Kopf, J.) (dismissing Petitioner's fifth § 2254 petition on September 3, 2002, as a successive petition pursuant to 28 U.S.C. 2244(b)(3)(A)); *Diamantopolous v. Nebraska Dep't of Corr., et al.*, 4:98cv3262 (Urbom, J.)

---

¹Petitioner also filed an Amended Petition for Writ of Habeas Corpus. (Filing No. 7.) For the purposes of this Memorandum and Order, the court will consider Petitioner's Amended Petition (Filing No. 7) as supplemental to his original Petition (Filing No. 1). *See* NECivR 15.1 (stating that the court may treat a pro se litigant's amended pleading "as supplemental to, rather than as superseding, the original pleading").

(dismissing Petitioner's fourth § 2254 petition on October 14, 1998, as a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A)); Rehbein v. Clarke, 94 F.3d 478 (8th Cir. 1996), aff'g 855 F. Supp. 1066 (D. Neb. 1994) (affirming dismissal of Petitioner's third petition for writ of habeas corpus under principles concerning "abuse of the writ" before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")).

## II. ANALYSIS

Rules 9 of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

*Id.* Similarly, Section 2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id.* The United States Supreme Court established a process for court of appeals' review of successive petitions:

> In AEDPA, Congress established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. *Felker v. Turpin*, 518 U.S. 651, 657 . . . (1996); § 2244(b). An individual seeking to file a "second or successive" application must move in the appropriate court of appeals for an order directing the district court to consider his application. § 2244(b)(3)(A). The court of appeals then has 30 days to decide whether to grant the authorization to file. § 2244(b)(3)(D). A court of appeals' decision whether to grant authorization "to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." §2244(b)(3)(E).

*Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).

In order for a petition to be considered "successive," it must "contest[] the same custody imposed by the same judgment of a state court." *Burton v. Stewart*, 549 U.S. 147 (2007). If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place" and the district court must dismiss the petition. *Id.* However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *see also Stewart*, 523 U.S. at 641. The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. *See Vancleave v. Norris*, 150 F.3d 926, 929 (8th Cir. 1998).

The court has carefully reviewed the record in this matter and in Petitioner's previous habeas corpus proceedings. Petitioner's previous petitions raise claims and arguments similar to those raised here. Moreover, Petitioner does not raise any new arguments or allege any new facts that demonstrate he is innocent of the underlying offense. Thus, the Petition is clearly "successive." Because Petitioner does not assert, nor does the record show, that Petitioner sought or received permission from the United States Court of Appeals for the Eighth Circuit to file this successive Petition, it must be dismissed.

The court notes that Petitioner has filed a letter that along with an attached book that is currently being maintained in the Clerk's office. (Filing No. 17.) Because this matter has been dismissed, the Clerk of the court is directed to mail the letter along with the attached book (Filing No. 17) to Petitioner at the address he provided.

IT IS THEREFORE ORDERED that:

1. Petitioner Yourgos Diamantopoulos's Petition for Writ of Habeas Corpus (Filing No. 1) is dismissed without prejudice to the reassertion of a subsequent petition upon certification by the Eighth Circuit Court of Appeals;

2. A separate judgment will be entered in accordance with this memorandum and order;

3. All pending Motions are denied as moot; and

4. The Clerk of the court is directed to mail Filing No. 17, which includes a letter and book maintained in the Clerk's office, to Petitioner at the address he provided.

DATED this 2nd day of June, 2010.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.