IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YOURGOS DIAMANTOPOULOS, | ) | CASE NO. 4:10CV3079 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CHARLES VENDITTE, WILLIAM | ) | |
| AGNEW, and STATE OF NEBRASKA, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

On June 2, 2010, the court dismissed Petitioner's habeas corpus claims without prejudice and entered Judgment against him. (Filing Nos. 18 and 19.) On June 7, 2010, Petitioner filed a timely Notice of Appeal of the court's Judgment. (Filing No. 20.)

Before Petitioner may appeal the dismissal of his Petition for Writ of Habeas Corpus, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal such a dismissal is governed by 28 U.S.C. § 2253©, which states:

(c)(1)  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . . .

(2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3)  The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph(2).[1]

---

[1]Similarly, Federal Rule of Appellate Procedure 22(b), as amended by the AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a certificate of appealability or state the reasons why such a certificate should not issue. *See generally* Tiedeman v. Benson, 122 F.3d 518, 521 (8th Cir. 1997).

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), citing *Barefoot v. Estelle*, 463 U.S. 894 (1983) (defining pre-AEDPA standard for a certificate of probable cause to appeal).

Petitioner has not filed a motion for a Certificate of Appealability or a brief in support. (*See* Docket Sheet.) Thus, this matter cannot proceed on appeal until the question of the certificate of appealability is considered.

IT IS THEREFORE ORDERED that:

1. Petitioner shall have until July 18, 2010, to file a motion for Certificate of Appealability and brief in support.

2. In the event that Petitioner fails to file a motion and brief, as set forth in this Memorandum and Order, the court will deny the issuance of a Certificate of Appealability without further notice.

3. The Clerk of the court is directed to set a pro se case management in this case with the following text: July 18, 2010: check for filing of motion for Certificate of Appealability.

DATED this 18th day of June, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.